UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3392-GW(AGRx) | Date | November 16, 2015 |
|---|---|---|---|
| Title | *Hana Financial, Inc. v. Stuarts LLC, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION**

    Hana Financial, Inc. ("Plaintiff") sues Stuart's LLC ("Stuart's"), Stuart Edelman ("Edelman"), and Wayne D. Galvin ("Galvin") (collectively, "Defendants"), asserting seven causes of action: (1) breach of written factoring agreement, (2) money loaned, (3) money had and received, (4) account stated, (5) open book account, (6) breach of written continuing guarantee agreement against Edelman, and (7) breach of written continuing guarantee agreement against Galvin.  *See generally* Compl., Docket No. 1. Plaintiff asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332.  *See id.* ¶ 7.  As the party asserting jurisdiction, Plaintiff has the burden of establishing that subject matter jurisdiction exists before this matter proceeds further.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted).  Plaintiff's jurisdictional allegations are presently insufficient.

    First, Plaintiff alleges that Stuart's "is a New York limited liability company duly organized and existing under the laws of the State of new York with its principal place of business in the County of Manhattan, State of New York."  *See* Compl. ¶ 2.  "[L]ike a partnership," for diversity purposes "an LLC is a citizen of every state of which its owners/members are citizens."  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  "If any member of a limited liability company . . . is itself a partnership or association (or another LLC), the federal court needs to know the citizenship of each submember as well."  *Lafountain v. Meridian Senior Living, LLC*, No. CV 15-03297-RGK PJWX, 2015 U.S. Dist. LEXIS 84134, at *4, 2015 WL 3948842 (C.D. Cal. June 29, 2015) (citing *Johnson*, 437 F.3d at 899).  As such, Plaintiff must identify each of Stuart's owners and/or members – and submembers, if any – and provide each owner/member's citizenship.

        :

Initials of Preparer    JG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3392-GW(AGRx) | Date | November 16, 2015 |
|---|---|---|---|
| Title | *Hana Financial, Inc. v. Stuarts LLC, et al.* | | |

    Second, Plaintiff alleges that Edelman is "an individual *residing* in the County of Bedford, State of New York," Compl. ¶ 3 (emphasis added), and Galvin is "an individual *residing* in the County of Nassau, State of New York," *id.* ¶ 4 (emphasis added).  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person residing in a given state is not necessarily domiciled there, and thus, is not necessarily a citizen of that state.  *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001).  A person's domicile is the place he or she physically resides with intent to make it a fixed and permanent home, while residence merely indicates living in a particular locality.  *Id.*  Plaintiff has thus failed to appropriately allege the citizenship of Edelman and Galvin.

    Plaintiff is hereby ordered to show cause, in writing and no later than November 19, 2015, as to why this action should not be dismissed for lack of subject matter jurisdiction.  *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (indicating that courts must assure themselves of the existence of subject matter jurisdiction before proceeding); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (same).  Failure to cure the jurisdictional deficiencies will result in dismissal.

    The Court further orders the Court Clerk promptly to serve this order on all parties who have appeared in the action.

:

Initials of Preparer    JG